# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SHINNEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-00026-RK |
| | ) |
| CERNER CORPORATION; ORACLE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Cerner Corporation ("Defendant Cerner") and Defendant Oracle Corporation's ("Defendant Oracle") (collectively, "Defendants") motion to sever, Defendant Cerner's motion to compel arbitration, and Defendant Oracle's motion to dismiss, all filed contemporaneously. (Doc. 5.) The motions are fully briefed. (Docs. 6, 11, 13.) After careful consideration and for the reasons explained below, the Court **ORDERS** that (1) Defendants' motion to sever is **GRANTED**; (2) Defendant Cerner's motion to compel arbitration is **GRANTED**; (3) Defendant Oracle's motion to dismiss is **DENIED**; and (4) the case is **STAYED** pending arbitration.

## Background and Procedural Posture[1]

Plaintiff filed his Complaint in Jackson County, Missouri, on November 29, 2023, asserting seven counts of employment discrimination against Defendants: (1) discrimination under the Missouri Human Rights Act ("MHRA"); (2) retaliation under the MHRA; (3) hostile work environment under the MHRA; (4) interference and/or retaliation under the Family and Medical Leave Act ("FMLA"); (5) discrimination under the Americans with Disability Act ("ADA"); and (6) two counts of retaliation under the ADA. (Doc. 1-1 (Amended Complaint).) Defendant Cerner

---

[1] Because the parties have submitted evidence outside the pleadings corresponding to Defendant Cerner's motion to compel arbitration, the Court treats the motion akin to a motion for summary judgment, viewing the evidence and all reasonable inferences in the record in the light most favorable to Plaintiff as the non-moving party. *Ballou v. Asset Mktg. Servs., LLC*, 46 F.4th 844, 850-51 (8th Cir. 2022). In considering Defendant Oracle's motion to dismiss, the Court takes the facts pleaded in Plaintiff's complaint as true and construes them in the light most favorable to Plaintiff as the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

hired Plaintiff on April 30, 2018. (*Id.* at ¶ 17.) Defendant Oracle later acquired Defendant Cerner.[2] (*Id.* at ¶ 3.) On August 12, 2022, Defendants terminated Plaintiff's employment. (*Id.* at ¶¶ 54-59.) Plaintiff alleges that he experienced adverse employment actions at the hands of Defendants beginning in May or June 2022, and that the discriminatory conduct continued throughout his employment and after his termination. (*Id.* at ¶¶ 24, 54-55, 60.) Plaintiff alleges that he was an employee of Defendants during the time periods relevant to his Complaint. (*Id.* at ¶¶ 7, 16-17.)

On April 9, 2018, prior to Plaintiff's first day of employment, Plaintiff and Defendant Cerner entered into the "Cerner Mutual Arbitration Agreement" ("Arbitration Agreement"). (Doc. 6-1 at 11-14.) Plaintiff and Defendant Cerner agreed the Arbitration Agreement would apply to claims "relating to [Plaintiff's] employment with Cerner, including . . . discrimination, harassment, retaliation . . ., disability or other accommodation, or termination of employment." (*Id.* at 11.) Under the Arbitration Agreement, Plaintiff and Defendant Cerner acknowledged that "arbitration is the only forum for resolving" such claims. (*Id.*)

Defendants removed the action to this Court on January 10, 2024, under federal question jurisdiction. (Doc. 1.) Defendants now move to sever Plaintiff's claims against Defendant Cerner from his claims against Defendant Oracle pursuant to Rule 21 of the Federal Rules of Civil Procedure, arguing that only the claims against Defendant Cerner are subject to the Arbitration Agreement, and that the Court should therefore sever the claims to allow for arbitration of the claims against Defendant Cerner. (Doc. 6 at 4-5.) Defendant Cerner asserts that after severing Plaintiff's claims, the Court should stay the proceedings against Defendant Cerner and compel arbitration of those claims. (*Id.* at 11-12.) Defendant Oracle moves the Court to dismiss Plaintiff's claims against it for failure to state a claim for relief, arguing that Plaintiff fails to allege facts establishing an employer-employee relationship between Plaintiff and Defendant Oracle to pursue his claims under the MHRA, FMLA, and ADA against Defendant Oracle.

Because Defendant Cerner's motion to compel arbitration and Defendants' motion to sever demand intertwined analyses, the Court considers those motions collectively, and then turns to Defendant Oracle's motion to dismiss.

---

[2] The exact date of acquisition is disputed; however, as discussed *infra*, § II(B), this fact is immaterial to the Court's analysis at this juncture.

I.  **Defendant Cerner's Motion to Compel Arbitration and Defendants' Motion to Sever**

Arbitration agreements are enforceable under federal law in federal court. *See* 9 U.S.C. § 2 (arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"). Accordingly, under 9 U.S.C. § 3, a party may seek a stay of a federal lawsuit "upon any issue referable to arbitration under an agreement in writing for such arbitration." Furthermore, any "party 'aggrieved' by the failure of another party 'to arbitrate under a written agreement for arbitration' may petition a federal court 'for an order directing that such arbitration proceed in the manner provided for in such agreement.'" *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 4). Federal law liberally favors arbitration. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). And indeed, "upon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Ultimately, the party seeking to compel arbitration "bears the burden of proving that there was a valid and enforceable [arbitration] agreement." *Duncan v. Int'l Markets Live, Inc.*, 20 F.4th 400, 402 (8th Cir. 2021) (citation omitted).

Pursuant to Rule 21, "the court may at any time, on just terms, add or drop a party [or] sever any claim against a party." Severance is committed to the Court's sound discretion. *Simon v. Liberty Mut. Fire Ins. Co.*, No. 4:17-cv-0152-DGK, 2017 WL 6276187, at *2 (W.D. Mo. Dec. 8, 2017) (citation omitted).

Defendant Cerner argues that the Arbitration Agreement is valid and enforceable as to Plaintiff's claims against Defendant Cerner. (Doc. 6 at 11-15.) Plaintiff does not dispute the enforceability or applicability of the arbitration agreement; rather, Plaintiff argues that Defendant Cerner waived its right to enforce arbitration by moving to sever the claims against it in this case. (Doc. 11 p. 5.)

A party may waive its contractual right to arbitration in a number of ways, "including by substantially invoking the litigation machinery rather than promptly seeking arbitration." *Breadeaux's Pisa, LLC v. Beckman Bros. Ltd.*, 83 F.4th 1113, 1117 (8th Cir. 2023) (cleaned up). A party waives its right to arbitrate where the party: "(1) knew of an existing right to arbitration; [and] (2) acted inconsistently with that right[.]" *Id.* (citations omitted). Any doubts concerning waiver of arbitrability should be resolved in favor of arbitration. *McCoy v. Walmart, Inc.*, 13 F.4th

3

702, 704 (8th Cir. 2021) (citation omitted). Plaintiff asserts that Defendant Cerner's motion to sever requires the Court to "take a deep look into the substantive claims, anticipated evidence, and defenses of this case, [and by] doing so, [Defendant Cerner] has invoked the litigation machinery in this case and acted in a manner contrary to the pursuit of arbitration." (Doc. 11 at 6.) The Court disagrees.

"When a complaint contains both arbitrable and nonarbitrable claims, the [Federal Arbitration Act] requires courts to 'compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums.'" *KPMG LLP v. Cocchi*, 565 U.S. 18, 22 (2011) (cleaned up). *See also Anderson v. Hansen*, 550 F. Supp. 3d 725, 733 (E.D. Mo. 2021) (severing and staying one arbitrable claim while permitting plaintiff's other non-arbitrable claims to proceed before the district court); *McAllister v. St. Louis Rams, LLC*, No. 4:16-cv-172, 2017 WL 3333892, at *1 (E.D. Mo. Aug. 4, 2017) (staying litigation only between two parties who were bound by an arbitration agreement, but permitting claims between parties not subject to arbitration agreement to proceed before the district court). "[C]ourts must examine a complaint with care to assess whether any individual claim must be arbitrated." *Cocchi*, 565 U.S. at 22.

Defendant Cerner's motion to sever rests on its assertion that Plaintiff's claims against it are improperly before the Court as they are exclusively subject to arbitration, whereas the claims against Defendant Oracle are non-arbitrable. (Doc. 6 at 10-11.) Defendant Cerner therefore moves the Court to sever Plaintiff's claims such that the Court can then order Plaintiff to arbitrate his claims against Defendant Cerner pursuant to the Arbitration Agreement. (*Id.*) The Court finds that in moving to sever, Defendant Cerner did not act contrary to its right to enforce arbitration. To the contrary, Defendant Cerner's contemporaneous motions to sever and compel arbitration are consistent with its right to pursue arbitration. Therefore, Defendant Cerner has not waived its right to enforce the Arbitration Agreement.[3]

For the reasons set out in Defendant Cerner's motion to compel arbitration—and to the extent Plaintiff does not argue otherwise—the Court finds the Arbitration Agreement is valid and

---

[3] Insofar as Plaintiff suggests that Defendant Oracle's motion to dismiss "invokes the litigation machinery," and somehow constitutes a waiver of Defendant Cerner's right to arbitration, the Court notes that the motion to dismiss was filed **solely** by Defendant Oracle, and the motion argues that Plaintiff fails to state MHRA, FMLA, or ADA claims ***against Defendant Oracle*** based upon the failure to plead an employer-employee relationship between Plaintiff and Oracle.

enforceable, and that Plaintiff's employment discrimination claims asserted under the MHRA, FMLA, and ADA fall within the scope of the agreement. In addition, the Court finds that Defendant Cerner has not waived its right to arbitration. Defendant Cerner's motion to compel arbitration is therefore **GRANTED**. Additionally, the Court finds that severance of Plaintiff's claims against Defendant Cerner from his claims against Defendant Oracle is warranted. Accordingly, Defendants' motion to sever is **GRANTED**, and proceedings on Plaintiff's claims against Defendant Cerner are **STAYED** pending arbitration pursuant to 9 U.S.C. § 3.

## II. Defendant Oracle's Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for failure to state a claim for relief. In order to avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. However, the plausibility pleading standard requires the plaintiff show more than just a mere possibility that the relief sought is in fact obtainable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a 12(b)(6) motion to dismiss, the Court must accept the plaintiff's specific factual allegations as true and construe them in favor of the plaintiff, but it is not obligated to accept as true the plaintiff's legal conclusions. *Buckley v. Hennepin Cnty.*, 9 F.4th 757, 760 (8th Cir. 2021) (citation omitted).

Defendant Oracle argues that Plaintiff fails to allege facts which establish an employer-employee relationship between Plaintiff and Defendant Oracle, and therefore, the Court should dismiss the claims against it.[4] (Doc. 6 at 14-15.) The MHRA, FMLA, and ADA all require, *inter alia*, that Plaintiff plead facts which demonstrate an employer-employee relationship in order to state a claim for relief. *Withers v. Johnson*, No. 4:11-cv-669-DPM, 2013 WL 3338678, at *1 (E.D. Ark. July 1, 2013) (plaintiff must establish employer-employee relationship to sustain FMLA and ADA claims); *Payne v. Serv. Cos., Inc.*, No. 20-786-CV-W-GAF, 2020 WL 12689591, at *2 (W.D. Mo. Dec. 21, 2020) (applying the same to MHRA claims).

---

[4] Defendant Oracle does not dispute that Plaintiff was *an* "employee" (rather than an independent contractor) under the MHRA, FMLA, and ADA; instead, Defendant Oracle disputes that Plaintiff sufficiently plead he was **Defendant Oracle's** employee. (Doc. 6, at 15.)

5

Where, as here, a plaintiff alleges employment discrimination claims based on the same set of facts against more than one defendant-employer, either the "joint employer" or "single employer" theory of liability may be necessary to determine whether sufficient integration exists between the defendant-employers. *Payne*, 2020 WL 12689591, at *2. A "single employer" relationship exists "where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a 'single employer.'" *Osborne v. Nixa Fire Prot. Dist.*, No. 20-3041-CV-SRB, 2020 WL 3317610, at *2 (W.D. Mo. June 18, 2020) (quoting *Walton v. Edge Med. Prof. Servs., LLC*, 442 F. Supp. 2d 731, 749 (W.D. Mo. 2006)). "By contrast, the 'joint employer' relationship consists of no single integrated enterprise. Rather, the analysis assumes the existence of separate legal entities which have chosen to handle jointly important aspects of their employer-employee relationship." *Id.* (quoting *Walton*, 442 F. Supp. 2d at 749). This Circuit applies the same factors when analyzing either a single or a joint employer relationship: (1) the degree of interrelation of operations between the entities; (2) the degree of centralized control of labor relations; (3) the degree to which the entities share common management; and (4) the degree of common ownership or financial control. *Pulitzer Pub. Co. v. N.L.R.B.*, 618 F.2d 1275, 1278 (8th Cir. 1980); *see also Payne*, 2020 WL 12689591, at *2 (applying the joint employer test to MHRA claims); *Lenk v. St. Louis Pub. Sch.*, No. 4:18 CV1296 DDN, 2019 WL 1773139, at *4 (E.D. Mo. Apr. 23, 2019) (applying the joint employer test to ADA claims); *Richardson v. Patkar Hosp., LLC*, No. 4:07CV1722 TCM, 2008 WL 1777446, at *2 (E.D. Mo. Apr. 16, 2008) (applying the joint employer test to FMLA claims).

Plaintiff alleges that he "began his employment with Defendant Cerner on or about April 30, 2018," and that "Defendant Oracle Corporation . . . has acquired Defendant Cerner Corporation." (Doc. 1-1 at ¶¶ 4, 17.) Plaintiff further alleges that "[a]t all relevant times, Plaintiff was an employee of **Defendants**," and "[a]t all times relevant herein, Plaintiff was employed by **Defendants** as a Support Technician at 2800 Rock Creek Pkwy, Kansas City, MO 64117." (*Id.* at ¶¶ 7, 16) (emphasis added). Plaintiff's Complaint does not allege precisely when Defendant Oracle acquired Defendant Cerner (a point of contention between the parties in their arguments in support of and in opposition to dismissal).[5] However, because Plaintiff alleges that Defendant Oracle "has

---

[5] Each party submitted materials outside the pleadings for purposes of Defendant Oracle's motion to dismiss—Plaintiff attached and cited a June 7, 2022, Oracle press release, and Defendant Oracle relies on an affidavit of a Human Resources representative. (Docs. 6-1 at 2; 6 at 21 n.5, respectively.) The Court declines the parties' invitation at this early pleading stage to take judicial notice of the fact when Defendant

6

acquired" Defendant Cerner, that he experienced discriminatory conduct by **both** Defendants beginning in May or June 2022, and he "continues to be subjected to adverse actions by [**both**] Defendants,"[6] the Court accepts these allegations as true and construes them in Plaintiff's favor. Therefore, at this stage of litigation, the specific date of Defendant Oracle's acquisition of Defendant Cerner is immaterial. Plaintiff is entitled to conduct discovery to ascertain the details relevant to its employment relationship with Defendant Oracle, particularly because that determination is "a fact-intensive question, based on an analysis of the evidence related to the above [joint or single employer] factors." *Lenk v. St. Louis Pub. Sch.*, No. 4:18 CV 1296 DDN, 2018 WL 5862747, at *5 (E.D. Mo. Oct. 24, 2018); *see also Dean v. Norfolk S. Ry. Co.*, No. 4:23 CV 580 RWS, 2023 WL 4824510, at *1 (E.D. Mo. July 27, 2023) (holding plaintiff was entitled to conduct discovery on his claims that defendants should be treated as a single employer); *Stepan v. Bloomington Burrito Grp., LLC*, No. 14-3288 ADM/TNL, 2014 WL 7338786, at *3 (D. Minn. Dec. 22, 2014) (denying restaurant owner's motion to dismiss for failure to properly plead it was a joint employer because "at this pre-discovery stage, [plaintiffs did] not yet possess the corporate documents and other evidence of Defendants' operations that were necessary for answering the fact-intensive inquiry of whether [the defendant] was plaintiffs' employer").

Defendant Oracle relies on *Livingston v. Rehabcare Group East, Inc.*, No. 4:16CV362 JCH, 2016 WL 3276945 (E.D. Mo. June 15, 2016), to support its argument that Plaintiff failed to allege well-pleaded facts establishing an employer-employee relationship. In *Livingston*, the plaintiff alleged she was hired by RehabCare (a defendant) and she was assigned to work at a facility owned by MGM (another defendant). *Id.* at *3. The district court concluded that defendants met their burden of showing MGM was fraudulently joined because in plaintiff's motion to remand, plaintiff argued that MGM was "**an** employer" under the MHRA; however, she did "not plead or assert that MGM was **her** employer." *Id.* (emphasis added). Instead, plaintiff attempted "to rely on a

---

Oracle's acquisition of Defendant Cerner was complete. *See James, Inc. v. Moates*, No. 2:13-CV-2049, 2014 WL 348588, at *3 (W.D. Ark. Jan. 31, 2014) ("While some matters of public record may be appropriate to take into consideration at [the motion to dismiss] stage of the proceedings, . . . judicial notice of a fact is only to be taken when that fact is not subject to reasonable dispute." (cleaned up)). The Court therefore disregards materials submitted outside of the pleadings for purposes of this motion to dismiss.

[6] Plaintiff asserts that this includes Defendants' failure to provide Plaintiff with final paystubs and timely Consolidated Omnibus Budget Reconciliation Act ("COBRA") continuation notices which has resulted in health care issues for Plaintiff following his termination. (Doc. 1-1 at ¶ 60.) Defendant Oracle's motion to dismiss has not challenged any insufficiency of the complaint with respect to these alleged adverse employment actions.

7

purported relationship between MGM and RehabCare." *Id.* Here, though, Plaintiff has alleged that Defendant Oracle was **his** employer. Defendant Oracle's reliance on *Ash v. Anderson Merchandisers, LLC*, No. 14-CV-358-DW, 2014 WL 11394891 (W.D. Mo. July 2, 2014), is similarly misplaced. *Ash* questioned whether plaintiffs properly plead they were jointly employed by all defendants for purposes of a Fair Labor Standards Act claim, a different issue with distinct factors than that which is presented by Plaintiff's Complaint and Defendant Oracle's motion to dismiss. *Id.* at *2.

Upon review of Oracle's motion to dismiss and the Complaint, the Court concludes dismissal is not appropriate at this time. It is apparent from Plaintiff's Complaint that his theory of liability against Defendant Oracle will require him to establish that Defendants were a single employer or that they were his joint employers.[7] While discovery could later prove otherwise, at this stage, Plaintiff has plausibly pled that Defendant Oracle acquired Defendant Cerner and was his employer for purposes of the MHRA, FMLA, and ADA. Plaintiff asserts that Defendants (meaning both Defendant Cerner and Defendant Oracle) employed him as a Support Technician during the relevant time periods, and Defendants engaged in specific acts of discriminatory conduct both during and following his termination, including, *inter alia*, abusive verbal treatment regarding requests for accommodations, failure to follow previously agreed upon accommodations and work restrictions, wrongful termination, and failure to provide paystubs and COBRA continuation notices after his termination. (Doc. 1-1 at ¶¶ 39-56, 60.) For these reasons, Defendant Oracle's Rule 12(b)(6) motion to dismiss is **DENIED**.

## III. Stay of Claims Against Defendant Oracle

Having concluded that Plaintiff's claims against Defendant Cerner must be stayed pending arbitration pursuant to 9 U.S.C. § 3, and that Plaintiff's claims against Defendant Oracle are not subject to dismissal at this time, the Cout considers whether it should enter a stay as to Plaintiff's

---

[7] The single employer and joint employer theories of liability require more of Plaintiff than that of a single entity liability theory, in that Plaintiff is required to establish facts demonstrating the existence of the single or joint employer test identified *supra*. *See Payne v. Serv. Cos., Inc.*, No. 20-786-CV-W-GAF, 2020 WL 12689591, at *2 (W.D. Mo. Dec. 21, 2020). If discovery proves these theories of liability are unnecessary, and Plaintiff only needs to plead the standard employment relationship tests under the MHRA, ADA, and FMLA, the Court similarly concludes that at this stage of the litigation, Plaintiff has pled enough facts regarding his employment relationship with Defendant Oracle to state a claim that is plausible on its face. *See id.*; *Darden v. AT & T Corp.*, No. 4:14CV1198 RLW, 2014 WL 4627210, at *2 (E.D. Mo. Sept. 15, 2014) ("Plaintiff contends that she worked for and was employed by AT & T Corp, thus subjecting AT & T Corp. to liability under the MHRA and the FMLA.").

claims against Defendant Oracle.[8] The Court has "discretion to stay third party litigation that involves common questions of fact that are within the scope of the arbitration agreement." *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co.*, 242 F.3d 777, 782 (8th Cir. 2001) (cleaned up); *see also Haarslev, Inc. v. Nissen*, No. 5:19-CV-6128-BCW, 2023 WL 2782313, at *8 (W.D. Mo. Jan. 30, 2023) ("[W]hether to stay a case pending arbitration is discretionary rather than mandatory if the action involves a nonsignatory to the arbitration agreement."). Indeed, "a discretionary stay may well be needed to further the strong federal policy favoring agreements to arbitrate." *AgGrow Oils*, 242 F.3d at 782 (citations omitted). To assess appropriateness of a discretionary stay pending arbitration, courts weigh three factors: "(1) the risk of inconsistent rulings; (2) the extent to which the parties will be bound by the arbiters' decision; and (3) the prejudice that may result from delays." *Haarslev*, 2023 WL 2782313, at *8 (quoting *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 845 (8th Cir. 2012)). Courts should also consider judicial economy and avoidance of confusion. *Filson v. Radio Advert. Mktg. Plan, LLC*, 553 F. Supp. 2d 1074, 1093 (D. Minn. 2008).

Upon consideration of the foregoing factors, the Court finds a stay of the claims against Defendant Oracle is appropriate. Plaintiff's claims against Defendants involve common questions of law and fact, which is displayed by Plaintiff's grouping of Defendants together as to almost the entirety of his factual allegations (excluding that Defendant Cerner initially hired Plaintiff), as well as all seven counts in the Complaint. In short, Plaintiff does not differentiate his claims as to Defendants. It also appears that should the Court permit the claims against Defendant Oracle to proceed while Defendant Cerner's claims are arbitrated, the Court and arbitrator would inevitably be asked to render rulings on the same legal and factual matters, including hearing from the same witnesses and considering the same evidence. The result is a high risk of inconsistent rulings. *See US Bancorp Invs., Inc. v. Signature Bank, Inc.*, No. 5-3418-CV-S-RED, 2005 WL 8159162, at *1 (W.D. Mo. Oct. 31, 2005) ("[T]he claims are so intertwined the risk of inconsistent verdicts is apparent."). Likewise, because Plaintiff's claims turn on the same operative facts, a ruling from the arbitrator on the claims against Defendant Cerner may impact the outcome of this litigation between Plaintiff and Defendant Oracle. *Filson*, 553 F. Supp. 2d at 1093; *J.B. Hunt Transp, Inc.*

---

[8] While not raised by Defendant Oracle or Plaintiff, the Court may issue a stay *sua sponte*. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Dumont Tel. Co. v. Power & Tel. Supply Co.*, 962 F. Supp. 2d 1064, 1080-81 (N.D. Iowa 2013) (finding a discretionary stay would be appropriate for similarly situated party who did not correspondingly move for discretionary stay).

9

*v. Steadfast Ins. Co.*, 470 F. Supp. 3d 936, 947 (W.D. Ark. 2020). For instance, if the arbitrator finds for Defendant Cerner, Plaintiff could be bound by those findings as against Defendant Oracle based on collateral estoppel. *Dumont Tel. Co. v. Power & Tel. Supply Co.*, 962 F. Supp. 2d 1064, 1081 (N.D. Iowa 2013); *G.W. Foods, Inc. Health, Welfare, & Benefits Plan v. WH Admin., Inc.*, No. 6:17-cv-03380-SRB, 2018 WL 3414323, at *12 (W.D. Mo. May 17, 2018).

Finally, staying the claims against Defendant Oracle is unlikely to prejudice any party. "Prejudice may result from lost evidence, duplication of efforts, use of discovery methods unavailable in arbitration, or litigation of substantial issues going to the merits," and a delay in seeking to compel arbitration does not, by itself, constitute prejudice. *Dumont Tel. Co.*, 962 F. Supp. 2d at 1081-82 (finding no prejudice would result from staying litigation pending arbitration because there was no indication that evidence would be lost, the case was still young and parties had conducted little to no discovery, and parties had not litigated substantial issues before the court). While the parties have engaged in court-mandated mediation, it does not appear the parties have engaged in substantial written or oral discovery, and the only motions which have been filed are those contemplated by this Order. In this case, the Court finds the risk of inconsistent rulings outweighs any potential prejudice that could result from delays imposed by a stay. *Haarslev*, 2023 WL 2782313, at *9. Accordingly, the Court **ORDERS** that Plaintiff's claims against Defendant Oracle are **STAYED** pending the outcome of the arbitrable issues between Plaintiff and Defendant Cerner.

## Conclusion

Therefore, the Court **ORDERS** that (1) Defendants' motion to sever is **GRANTED**; (2) Defendant Cerner's motion to compel arbitration is **GRANTED**; (3) Defendant Oracle's motion to dismiss is **DENIED**; and (4) the case is **STAYED** pending arbitration.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 23, 2024